## Emma Ramseyer, for Use, etc., v. Heissler & Junge Company.

1. GARNISHMENT—*Setting Cases for Trial.*—Under section seven of the statute, entitled "Garnishment," the court may properly set the case for hearing and hear it before it could be reached in its regular order on the calendar.

2. SAME—*Bringing in Third Persons.*—The fact that an answer of a defendant in a garnishee proceeding, denying that he had any goods or credits of the principal defendant, states that a third person is claiming that such defendant is indebted to him and that he is informed and believes that the claim of such third person, is the indebtedness sought to be garnisheed, does not render it necessary that such third person should be summoned, before a hearing can be had on an issue joined upon such answer.

Garnishment.—Error to the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in this court at the October term, 1895. Affirmed. Opinion filed October 17, 1895.

DEFREES, BRACE & RITTER, attorneys for plaintiff in error.

MATTHEW P. BRADY, attorney for defendant in error.

MR. JUSTICE WATERMAN DELIVERED ·THE OPINION OF THE COURT.

The defendant in error being garnisheed, answered, denying that it had any goods or credits of the principal defendant, Emma Ramseyer.

Issue being joined upon such answer, the court, against the objections of the garnishing creditor, set the case for hearing and heard it before it would have been reached in its regular order on the calendar.

Although no cause for so doing was shown, we are of the opinion the court might properly do so under Section 7 of the statute entitled " Garnishment."

Defendant in error in the answer said that Isaac Perier & Co. claimed that it was indebted to them in the sum of $3,000 for goods purchased from said Perier & Co., and that it was informed and believed that said claim of Perier & Co. is the indebtedness sought to be garnished.

Such answer did not render it necessary that Perier & Co. should be brought in before a hearing could be had on the issue joined on defendant's answer. The issue on the answer was upon its truth as to the possession of effects of Emma Ramseyer, not upon what they were informed Perier & Co. claimed.

The judgment of the Circuit Court is affirmed.